UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ZIMBABWE H. FIELDS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No.  CV414-013 |
| | ) | CR411-201 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Zimbabwe H. Fields pled guilty to, and thus was convicted of, possession of a stolen firearm in violation of 18 U.S.C. § 922(j). CR411-201, doc. 25 at 1.[1] As part of a plea deal under which the government agreed to drop one count of the two count indictment against him, doc. 24 at 1, Fields waived his right to appeal:

> [t]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence *and* the right to collaterally attack the sentence in any post-conviction proceeding, including a §2255 proceeding, *on any ground*, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the

---

[1] All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number assigned by the Court's electronic filing system to the upper right hand corner of each page.

> defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 24 at 4-5 (emphasis added).

The Court thus accepted his plea and sentenced him within the statutory maximum. Doc. 25 (108 months). Consistent with his double-waiver, Fields took no appeal, yet now moves for 28 U.S.C. § 2255 relief. Doc. 30. Outright ignoring his double-waiver, he insists his counsel was ineffective for "failing to move the sentencing court for concurrency of [his] federal/state sentence, or in the alternative, a sentencing adjustment under U.S.S.G. 5G1.3." *Id.* at 4. Counsel was also ineffective, he contends, for failing to file a suppression motion. *Id.* Upon preliminary review under the Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255, his motion should be denied.

## I. ANALYSIS

Waivers similar to movant's have been upheld on appeal. *See, e.g., United States v. Orozco-Picazo*, 391 F. App'x 761, 769 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to conspiracy to distribute

2

cocaine and possession of firearm in furtherance of drug trafficking crime precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose a sentence that was higher than that called for by advisory guidelines); *Angarita v. United States*, 2010 WL 2872737 at * 2 (S.D. Fla. Jul. 20, 2010) (upholding substantively similar waiver).

Furthermore, an appellate waiver will bar the movant's ineffective assistance claim "to the extent it addresses matters other than the assistance he received in connection with the plea agreement, [but] the claim is not barred to the extent it does address that issue." *Smith v. United States*, 2013 WL 6632637 at * 1 (N.D. Ill. Dec. 16, 2013).[2] And Fields cites only *non-plea* related ineffectiveness to support his involuntariness claim. Hence, his § 2255 motion likely is barred, though

---

[2] "'In order to make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.' *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006)." *Smith*, 2013 WL 6632637 at * 1.

the record currently lacks a guilty-plea transcript on which the Court could cite the standard colloquy affirming his waiver understanding.³

Nevertheless, Fields' motion must be denied as untimely. The judgment against him was entered on February 21, 2012, doc. 25, and he had to file his § 2255 motion within one year of the latest of four triggering dates, including the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). A judgment becomes final when the time for seeking review of that judgment expires. The period in which Fields could file a direct appeal thus expired on March 6, 2012 -- fourteen days after the district court imposed sentence. Fed. R. Civ. P. 4(b)(1)(A) (criminal case defendants must file their notice of appeal within 14 days of the date the judgment against them is entered); *Doe v. United States*,

---

³ To that end,

> [a]n appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the district court *specifically questioned* the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

*Warren v. United States*, 2011 WL 5593183 at * 5 (M.D. Ala. Oct. 26, 2011) (emphasis added).

4

469 F. App'x 798, 800 (11th Cir. 2012). He filed no appeal, and did not sign his § 2255 motion until January 4, 2014 (he erroneously wrote "2013"), doc. 30 at 12, so he is way beyond the one-year (March 6, 2012) limit.

Evidently recognizing that, Fields invokes equitable tolling. Doc. 30 at 3.

> If a prisoner attempts to file outside this limitations period, a district court may still review his motion if he is entitled to equitable tolling. *San Martin v. McNeill*, 633 F.3d 1257, 1267 (11th Cir.), *cert. denied*, 132 S.Ct. 158 (2011). Equitable tolling is available if the prisoner demonstrates that (1) he has pursued his rights diligently and (2) an extraordinary circumstance prevented him from timely exercising his rights. *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549, 2562 (2010). The Supreme Court has clarified that the prisoner must pursue his rights with "reasonable diligence, not maximum feasible diligence." *Id.* at 2565 (quotations and citations omitted).

*Doe*, 469 F. App'x at 800. Only indolence is apparent here, however, as Fields cites only the mere fact of imprisonment to justify his delay.[4] Doc.

---

[4] Fields would have the Court believe that, merely because he was held in a state prison facility, this should excuse his delay in filing his § 2255 motion. Doc. 30 at 4. He specifies no special obstacle erected by the state institution, however. And again, he simply ignores his double waiver. More likely he understood and accepted his waiver (and thus took no appeal), but has since changed his mind and now resorts to dissembling to circumvent the procedural barriers against him.

5

30 at 3-4. Were that sufficient, *every* incarcerated movant could qualify for equitable tolling. The motion must therefore be denied.[5]

## II. CONCLUSION

Zimbabwe H. Fields' 28 U.S.C. § 2255 motion (doc. 30) should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

---

[5] Note, too, that his claim of attorney ineffectiveness in failing to file a suppression motion is barred by his unconditional guilty plea, which waives all non-jurisdictional defects:

> By unconditionally pleading guilty, Rolle waived all non jurisdictional defects in the proceedings against him. *See United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant.") (quotations omitted).

*United States v. Rolle*, 491 F. App'x 63, 64 (11th Cir. 2012).

6

**SO REPORTED AND RECOMMENDED**, this 30th day of January, 2014.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA